UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAGINAW CHIPPEWA INDIAN TRIBE OF
MICHIGAN,

                Plaintiff,

-and-

UNITED STATES OF AMERICA,

                Plaintiff-Intervenor,

                                                    Case Number 05-10296-BC
v.                                                 Honorable Thomas L. Ludington

JENNIFER GRANHOLM, Governor of the
State of Michigan, MIKE COX, Attorney General
of the State of Michigan, and JAY B. RISING,
Treasurer of the State of Michigan,

                Defendants,

-and-

CITY OF MT. PLEASANT, and COUNTY OF
ISABELLA,

                Defendant-Intervenors.
_____/

## ORDER DENYING JOINT MOTION TO SEAL AND REJECTING STIPULATION

On May 5, 2008, Plaintiff Saginaw Chippewa Indian Tribe of Michigan ("Saginaw Chippewa") filed a "joint stipulation regarding treatment of sensitive information and joint motion to seal." Dkt. # 90. The parties sought to seal exhibits attached to a response filed by Defendant-Intervenor County of Isabella ("Defendant Isabella"). The Court recognizes the parties' intent to limit the unnecessary dissemination of personally sensitive information. The suggested means to accomplish this end, however, is contrary to the Federal Rules of Civil Procedure and the Local

Rules.

First, only counsel for Saginaw Chippewa and Defendant Isabella agreed to the stipulation. In litigation with multiple parties, as in this instance, consent from all parties is necessary for the Court to ensure all parties are aware of action that could potentially affect each litigant's interests. *See e.g.* FED. R. CIV. P. 41(a)(1)(A)(ii). Thus, Saginaw Chippewa should acquire consent from all named parties.

Second, the parties' "joint motion to seal" is contrary to the procedures outlined in the Local Rules. Recently, the Eastern District of Michigan amended the rule for filing documents under seal as follows:

> LR 5.3 Civil Material Filed Under Seal
> (a) Sealing Items Authorized by Statute or Rule. When a statute or rule authorizes filing a document or other item under seal in a civil case, the item may be filed without a court order.
>    (1) A separate notice of filing under seal must be filed before filing an item under seal.
>    (2) The notice must include:
>       (A) a citation to the statute or rule authorizing the seal;
>       (B) an identification and description of each item submitted under seal; and
>       (C) a statement establishing that the items are within the statute or rule authorizing the seal.
> (b) Sealing Items Not Authorized by Statute or Rule.
>    (1) Except as provided by statute or rule, documents (including settlement agreements) or other items may be sealed in a civil case only by court order. A party or other person may not file or tender to the clerk an item proposed for sealing under this subrule unless the court enters an order permitting sealing.
>    (2) A party or other person seeking to file an item under seal in a civil case under LR 5.3(b) must either file and serve a motion or submit a proposed stipulated order to authorize sealing.
>       (A) A motion or stipulated order to authorize sealing must:
>          (I) state the authority for sealing;
>          (ii) include an identification and description of each item proposed for sealing;
>          (iii) state the reason that sealing each item is necessary;

|  |  | (iv) | state the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and |
|  |  | (v) | have a supporting brief. |
|  | (B) | When a motion to seal is filed, the movant must submit a proposed order with the motion. The proposed order submitted with the motion or a proposed stipulated order must state the reason the seal is required. |  |
| (c) | Format Of Documents To Be Sealed. |  |  |
|  | (1) | All documents must comply with LR 5.1(a). |  |
|  | (2) | Only the germane portion of a filing may be sealed. For example, if the sealed item is an exhibit to a motion, response, or reply, only the exhibit may be sealed. |  |
| (d) | Unsealing Documents. When the court orders an item unsealed, the clerk will make it publicly available as any other public document. |  |  |

E.D. Mich. LR 5.3 (emphasis omitted); *see also* http://www.mied.uscourts.gov (follow "Recent Local Rule Amendments" hyperlink; then follow "Amendments Effective April 1, 2008" hyperlink).

To the extent the parties seek to accomplish the removal of existing docket entries, the parties may move to strike those documents and to permit the documents to be filed pursuant to Local Rule 5.3.

Accordingly, it is **ORDERED** that the joint stipulation regarding the treatment of sensitive information [Dkt. # 90] is **REJECTED** and the joint motion to seal is **DENIED**. The parties may request similar relief by stipulation or motion consistent with this Order.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
The United States District Judge

Dated: May 19, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 19, 2008.

                                          s/Tracy A. Jacobs
                                          TRACY A. JACOBS