UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAGINAW CHIPPEWA INDIAN TRIBE OF
MICHIGAN,

        Plaintiff,

-and-

UNITED STATES OF AMERICA,

        Plaintiff-Intervenor,

        Case Number 05-10296-BC
v.        Honorable Thomas L. Ludington

JENNIFER GRANHOLM, *et al.*,

        Defendants,

-and-

CITY OF MT. PLEASANT and COUNTY OF
ISABELLA,

        Defendant-Intervenors.
_____/

## ORDER DENYING DEFENDANT-INTERVENORS' MOTIONS FOR CERTIFICATION AND STAY OF PROCEEDINGS

On November 21, 2005, Plaintiff Saginaw Chippewa Indian Tribe of Michigan's (the "Saginaw Chippewa") filed a complaint seeking, inter alia, declaratory and injunctive relief requiring Defendants Jennifer Granholm, Mike Cox, and Jay Rising ("Michigan Defendants" or the "State of Michigan") "to recognize the historic Isabella Reservation as Indian country under federal law, and prohibiting such officials from enforcing Michigan state law against the [Saginaw Chippewa] and its members within the historic Isabella Reservation in a manner inconsistent with the reservation's status as Indian country and therefore in violation of the Constitution and laws of

the United States." *Am. Cplt.* at ¶ 1.

The focus of the Saginaw Chippewa's action is its interpretation of two treaties; one ratified in 1855 and the other ratified in 1864. *See* Treaty with the Chippewa of Saginaw, Etc., U.S.-Chippewa, Aug. 2, 1855, 11 Stat. 633 ("1855 Treaty"); *see also* Treaty with the Chippewa of Saginaw, Swan Creek, and Black River, U.S.-Chippewa, Oct. 18, 1864, 14 Stat. 657 ("1864 Treaty"). In the 1855 Treaty, the United States granted to the Saginaw Chippewa, inter alia, "unsold public lands [within] . . . [s]ix adjoining townships of land in the county of Isabella." 11 Stat. 633, art. 1. The 1855 Treaty also contained the following "dissolution" provision: "The tribal organization of said Indians, except so far as may be necessary for the purpose of carrying into effect the provisions of this agreement, is hereby dissolved." 11 Stat. 633, art. 6.

Likewise, the 1864 Treaty reserved all "unsold lands . . . within the six townships of Isabella County," reserved in the 1855 Treaty, for the Saginaw Chippewa's "exclusive use, ownership, and occupancy." 14 Stat. 657, art. 2. In exchange, the Saginaw Chippewa relinquished all ownership rights in land situated on the Saginaw Bay of Lake Huron. 14 Stat. 657, art. 1. Michigan Defendants, Defendant County of Isabella ("Defendant County"), and Defendant City of Mt. Pleasant ("Defendant City")[1] also allege that they exercise jurisdiction in certain respects over the land granted to the Saginaw Chippewa.

In answering the Saginaw Chippewa's and the United States's complaints,[2] Defendants sought to assert particular equitable defenses based on the passage of time since the treaties were

---

[1] On November 16, 2007, the Court granted Defendant County's and Defendant City's motions to permissively intervene.

[2] On November 1, 2006, the Court granted the United States's (the "United States") motion to intervene as a plaintiff.

ratified, including laches, estoppel, impossibility, and acquiescence, largely grounded on the United States Supreme Court decision in *City of Sherrill v. Oneida Indian Nation of N.Y.*, 544 U.S. 197 (2005). The Saginaw Chippewa and the United States each moved to prevent Defendants from relying on the *City of Sherrill* defense. Dkt. # 67, 73. On October 22, 2008, the Court granted Plaintiffs' motions, concluding that the *City of Sherrill* defense did not apply to Plaintiffs' treaty-based claim and that the defense could not be asserted against the United States when it was acting in its sovereign and representative capacities. Dkt. # 121 at 36-40. Presently, Defendant City and Defendant County each request the Court to certify the question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), which provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The decision to certify an interlocutory appeal is within a district court's discretion. *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 471 n.2 (6th Cir. 2006). "Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for exceptional cases while generally retaining for the federal courts a firm final judgment rule." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (citations and quotations omitted); *see also In re City of Memphis*, 293 F.3d 345, 250 (6th Cir. 2002) ("Review under § 1292(b) is granted sparingly and only in exceptional cases.")

While the decision, that the *City of Sherrill* defense is inapplicable to the dispute or may not otherwise be advanced against the United States, may raise "a controlling issue of law" with "substantial ground for difference of opinion," it is clear that certifying an interlocutory appeal at

this stage of the case will not "materially advance the ultimate termination of the litigation." The United States, the Saginaw Chippewa, and Michigan Defendants, the original defendants in this matter, each believe that certification would unnecessarily delay the litigation. Both the United States and the Saginaw Chippewa emphasize that the treaty interpretation issues must be resolved regardless of the applicability of the *City of Sherrill* defense. In addition, the Michigan Defendants accurately assert that an interlocutory appeal could delay attention to the treaty interpretation issue for a significant period of time. Indeed, Defendants' ability to assert the defense may be moot should Defendants prevail on the treaty claims.

Accordingly, it is **ORDERED** that Defendant-Intervenor City of Mt. Pleasant's motion to amend and certify the Court's opinion and order of October 22, 2008 [Dkt. # 134] and Defendant-Intervenor County of Isabella's motion for certification and stay of proceedings [Dkt. # 133] are **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 12, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 12, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS