UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAGINAW CHIPPEWA INDIAN TRIBE OF
MICHIGAN,

        Plaintiff,

-and-

UNITED STATES OF AMERICA,

        Plaintiff-Intervenor,

v.

JENNIFER GRANHOLM, Governor of the
State of Michigan, MIKE COX, Attorney General
of the State of Michigan, and JAY B. RISING,
Treasurer of the State of Michigan,

        Defendants,

-and-

CITY OF MT. PLEASANT, and COUNTY OF
ISABELLA,

        Defendant-Intervenors.
_____/

Case Number 05-10296-BC
Honorable Thomas L. Ludington

## ORDER GRANTING THE STATE DEFENDANTS' MOTION TO STRIKE THE SAGINAW CHIPPEWA TRIBE'S RESPONSE TO THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT

On January 22, 2010, the Court issued an order granting the United States' motion for an extension of time to file dispositive motions and setting a briefing schedule. [Dkt. # 220]. The order noted that the dispositive motions were likely to involve complex issues and analysis, and extended the page limits and response deadlines accordingly. It also noted that "each party is limited to a single thirty-five-page brief to support their dispositive motions, a single twenty-five-page brief in

response to opposing motions, and a single ten-page reply brief."

On the March 5, 2010 deadline for filing dispositive motions, Plaintiff-Intervenor United States filed a motion for summary judgment, contending that there is no genuine issue of material fact as to whether the 1855 and 1864 treaties created a reservation of six townships in Isabella County and that Plaintiff-Intervenor United States is entitled to judgment as a matter of law on that question. [Dkt. # 222]. Defendants Jay B. Rising, Mike Cox, and Jennifer Granholm (collectively "State Defendants") and Defendant-Intervenors City of Mt. Pleasant and County of Isabella filed a joint motion for summary judgment, contending the lands sold from within the six townships before the townships were withdrawn from the public domain are not part of the reservation and that the Saginaw Chippewa Indian tribe is not a "person" within the meaning of 42 U.S.C. § 1983. [Dkt. # 223]. Plaintiff Saginaw Chippewa Indian Tribe of Michigan did not file a motion for summary judgment or join in the United States' motion.

On April 6, 2010, the Saginaw Chippewa filed a response to the United States' motion for summary judgment, seeking to elaborate on the factual record surrounding the motion. [Dkt. # 227, 228, 229, 230, 232]. The response includes a twenty-page brief and several hundred pages of exhibits. On April 19, 2010, the State Defendants filed a motion in limine to strike the Saginaw Chippewa's response to the United States motion for summary judgment or, in the alternative, file a reply brief addressing the information included by the Saginaw Chippewa in their response. The State Defendants contend that Federal Rule of Civil Procedure 56 and Eastern District of Michigan Local Rule 7.1(c) only provide for responses by parties "opposing" the motion, and the Saginaw Chippewa should not be permitted to offer a response brief in support of the United States' motion.

On April 30, 2010, the Saginaw Chippewa filed a response to the State Defendants' motion to strike. The Saginaw Chippewa contend that their response to the United States' motion for summary judgment neither supports nor opposes the motion; its only purpose is to complete the factual record underlying the United States' motion. The Saginaw Chippewa note that many of the primary sources discussed in the Court's February 4, 2010 order denying all of the parties motions to prohibit expert testimony are not part of the record, and they contend that it would be inappropriate for the Court to decide the United States' motion for summary judgment without a complete factual record. [Dkt. # 221]. The Saginaw Chippewa emphasize that the State Defendants have not cited a single statute, case, or rule that specifically prohibits filing responses to summary judgment motions that do not take a position on the motion. The Saginaw Chippewa acknowledge that the procedural posture of their response is unusual, but contend that there is no limitation on their filing so long as they do not take a position on the underlying motion.

Every Court has the inherent authority to manage the cases on its docket "with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citation and quotations omitted); *see also Russell v. GTE Gov't Sys. Corp.*, 141 F. App'x 429, 435 (6th Cir. 2005) ("Issues of docket control are within the sound discretion of the trial court."); Fed. R. Civ. P. 12(f) ("The court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").

The Federal Rules of Civil Procedure and this Court's Local rules do not provide for the type of response the Saginaw Chippewa have filed to the United States' motion for summary judgment. Federal Rule 56(c)(1)(B) provides that "a party opposing [a motion for summary judgment] must file a response" but it makes no provision for a response from a party who supports the motion or adopts a neutral position on the motion's merits. Local Rule 7.1(c)(1) similarly requires responsive briefs from parties opposing motions for summary judgment, but makes no provision for neutral responses. Indeed, the Court's own research did not demonstrate a single reported instance in this District of a responsive brief that purports to take "no position" on the underlying motion.

Moreover, the Saginaw Chippewa's position on this issue is clear, notwithstanding their assertions of neutrality. The Saginaw Chippewa concur with the United States' position that the treaties of 1855 and 1864 created a reservation encompassing the townships of Wise, Denver, Isabella, Nottawa, Deerfield, and one-half each of Chippewa and Union. In accordance with that position in the case, the Saginaw Chippewa's response brief contains a series of carefully chosen facts that support the inference that the six townships form a contiguous reservation.

While the Saginaw Chippewa's intention to provide a complete record may be laudable, the response is not provided for by the Federal Rules of Civil Procedure. The response functions, essentially, as a surprise motion for summary judgment filed more that a month after the dispositive motion deadline. Not only is it unfair to the State Defendants, it unnecessarily enlarges the record and complicates the issues to be decided at the summary judgment phase.

To be clear, the United States' motion contends that there is no genuine issue of material fact as to whether the two treaties created a reservation. The State Defendants disagree. It is not appropriate at this stage to weigh competing evidence or make findings of fact. Rather, the question

before the Court is whether there is an issue of fact at all, justifying a trial on the merits. If and when that trial begins, the Saginaw Chippewa will have every opportunity to present the evidence they believe is relevant to the question of whether a reservation was created by the treaties, but they will not be permitted to file a fact-intensive supporting brief that purports to take no position on the question currently before the Court more than a month after the dispositive motion deadline.

Accordingly, it is **ORDERED** that the State Defendants' motion in limine to strike the Saginaw Chippewa's response to the United States' motion for partial summary judgment [Dkt. # 236] is **GRANTED**. The Saginaw Chippewa's response to the United States' motion for partial summary judgment [Dkt. # 227, 228, 229, 230, 232] is **STRICKEN**. The clerk is directed to remove the images from the docket.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
The United States District Judge

Dated: June 3, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 3, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS