UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAGINAW CHIPPEWA INDIAN TRIBE OF
MICHIGAN,

        Plaintiff,

-and-

UNITED STATES OF AMERICA,

        Plaintiff-Intervenor,

v.

Case Number 05-10296-BC
Honorable Thomas L. Ludington

JENNIFER GRANHOLM, Governor of the
State of Michigan, MIKE COX, Attorney General
of the State of Michigan, ROBERT J. KLEINE,
Treasurer of the State of Michigan, and the STATE
OF MICHIGAN,

        Defendants,

-and-

CITY OF MT. PLEASANT, and COUNTY OF
ISABELLA,

        Defendant-Intervenors.
_____/

**OPINION AND ORDER DENYING ATTORNEY GENERAL'S RULE 60(b)(6) MOTION
AND CANCELING HEARING**

On November 21, 2005, Plaintiff Saginaw Chippewa Indian Tribe of Michigan filed a complaint against Defendants Michigan Governor Jennifer Granholm, Attorney General Mike Cox, Treasurer J.B. Rising, and Director of the Department of Environmental Quality Steven Chester. The Saginaw Chippewa sought a declaration that all lands within "the historic Isabella Reservation are Indian Country under federal law," and asserted that Michigan law was unenforceable against

tribal members on the Reservation. The complaint was amended pursuant to the parties' stipulation on March 21, 2006, removing Defendant Steven Chester from the case. Granholm, Cox, and Rising filed a joint answer to the amended complaint on March 24, 2006, admitting that they enforced State laws against tribal members on the Reservation and denying that the Reservation was Indian country.

On November 29, 2006, the United States intervened on behalf of the Saginaw Chippewa, also seeking a declaration that "all lands within the boundaries of the six-township Isabella Reservation" are Indian country under federal law. U.S. Compl. ¶¶ 1, 20, 21. The United States' complaint added the State of Michigan as a Defendant. In early January 2008, the City of Mt. Pleasant and Isabella County were allowed to intervene as defendants. The City and County joined the State Defendants in asserting that the Reservation was not Indian country, and therefore, State laws were enforceable against tribal members living there.

In early fall 2010, the parties informed the Court that they had reached a tentative settlement and asked the Court not to issue its opinion on their cross-motions for partial summary judgment while the parties worked to finalize their agreements and secure approval from the necessary officials. On October 20, 2010, following five years of litigation and intensive mediation efforts, a new attorney entered an appearance on behalf of Attorney General Cox, who informed the parties and the Court that he intended to object to the settlement for certain specific reasons. On November 9, 2010, all of the parties except for the Attorney General, filed a joint motion seeking the Court's approval of their "order for judgment." The proposed order for judgment declared the six-county Reservation, identified in the 1855 and 1864 treaties, "Indian country" under federal law. In exchange, the Saginaw Chippewa conceded some regulatory and law enforcement responsibilities

to the State, County, and City that they may not have been otherwise entitled to. Cox objected, contending that the State should not have relinquished its asserted authority over tribal members living on the Reservation. He further argued that the State's agreement to place some limits on the authority of state police officers within the "tribal enclave" was a concession from Supreme Court precedent.

On December 17, 2010, the Court entered the agreed "order for judgment" over Cox's objections. On December 22, 2010, the Court supplemented the "order for judgment," incorporating thirteen separate settlement agreements negotiated by the parties. On January 1, 2011, a new Michigan Attorney General, Bill Schuette, was sworn into office. The new Attorney General filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6) on February 15, 2011, restating one of the objections that his predecessor raised before it was entered.[1] The Attorney General contends that the provision limiting the ability of state police officers to enter the tribal enclave should be stricken. Plaintiff United States of America filed a response on March 2, 2011, and Plaintiff Saginaw Chippewa Indian Tribe of Michigan filed a response on March 3, 2011.

Under Rule 60(b)(6), a district court "may relieve a party or its legal representative from a final judgment . . . for any reason that justifies relief." Despite the broad language of the rule, however, there generally must be some "extraordinary circumstance[]" before a the court will grant relief. *See Ackermann v. United States*, 340 U.S. 193, 199 (1950) (citing *Klapprott v. United States*, 335 U.S. 601, 613–14 (1949)). "By no stretch of imagination can the voluntary, deliberate, free,

---

[1] Notably, although the motion is denominated as a Rule 60(b)(6) motion, it does not present any new information. It does ask the Court to reconsider its previous decision. Motions for reconsideration must be filed withing fourteen days "after entry of the judgment or order." E.D. Mich. L.R. 7.1(h).

untrammeled choice" not to appeal justify relief under Rule 60(b)(6). *Ackermann*, 340 U.S. at 200. Nor do post-judgment "changes in the composition or the political makeup" of one of the parties constitute "extraordinary circumstances" justifying relief under the rule. *Mallory v. Eyrich*, 922 F.2d 1273, 1281 (6th Cir. 1991). Indeed, Rule 60(b)(6) relief may be granted only in "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

In his Rule 60(b)(6) motion, the Attorney General, like his predecessor, challenges the settlement to the extent that it restricts the ability of state police officers to enter the tribal enclave.[2] [Dkt. # 285-C]. Pursuant to the agreement, state police may enter the tribal enclave if they are responding to an emergency, in "Fresh Pursuit," or have received authorization from the tribal police. The Attorney General first contends that he did not appeal the Court's entry of the order for judgment because he did not believe the appeal would be successful. Therefore, he argues, the Court should entertain his application for relief under Rule 60(b)(6). He further contends that the Court should strike the provision limiting the authority of the state police in the tribal enclave because it is "unwarranted and may be practically unenforceable." The Attorney General contends that conditions placed on the state police's entry into the enclave are concessions from the Supreme Court's decision in *Nevada v. Hicks*. 533 U.S. 353 (2001). The argument was raised by the Attorney General's predecessor, and the Court declined to reject the order for judgment because of the State's concession with regard to the tribal enclave.

As an initial matter, the Attorney General has not identified any extraordinary circumstance

---

[2] Attorney General Schuette has asked the Court to amend the settlement agreement by striking the restrictions on state police authority within the enclave. Former Attorney General Cox, by contrast, asked the Court to reject the settlement as a result of the State's concession.

that would justify Rule 60(b)(6) relief. The fact that the Attorney General has assessed his chances on appeal and does not like his prospects, does not constitute the type of extraordinary circumstance where equity mandates relief. *See Ackermann*, 340 U.S. at 200; *Olle*, 910 F.2d at 365. The Attorney General's "voluntary, deliberate, free, untrammeled choice" not to appeal because he knows he would lose does not provide an opportunity for relief under Rule 60(b)(6). *Ackermann*, 340 U.S. at 200. Nor, for that matter, does the fact that he was sworn into office after the order for judgment was entered. *Mallory*, 922 F.2d at 1281. In short, regardless of the merits of the Attorney General's motion, Rule 60(b)(6) does not provide an avenue for relief.

Moreover, the Court has already considered the Attorney General's argument when it was advanced by Attorney General Cox. In *Nevada v. Hicks*, the Supreme Court addressed "the question of whether a tribal court may assert jurisdiction over civil claims against state officials who entered tribal land to execute a search warrant against a tribe member suspected of having violated state law outside the reservation." 533 U.S. at 355. The lead opinion in *Hicks* did address the limits of state authority in Indian country, suggesting that state police officers have authority to execute warrants and investigate off-reservation crimes within Indian country. *Id.* at 363–64. The Attorney General's contention that *Hicks* provides the state police with broader authority within Indian country than the settlement agreement allows is plausible. But the proposition is far from certain. *See South Dakota v. Cummings*, 679 N.W.2d 484, 487–88 (S.D. 2004) (suppressing evidence seized by state officers within Indian country while investigating a crime that occurred outside Indian country, and finding that the discussion of the issue in the lead opinion in *Hicks* was dicta). Moreover, the Attorney General's interpretation of *Hick*'s could also be affected by the United States' government's treaties with the Saginaw Chippewa.

Importantly, as the Saginaw Chippewa emphasized in response to the Attorney General's motion, the issue raised by the Attorney General is but a single issue of literally thousands addressed by the order for judgment. The Saginaw Chippewa and the United states can also identify many many concessions they made to bring greater clarity and finality to the issues addressed by the order for judgment. The state police requested the agreement. The state police agreed, out of respect for tribal sovereignty, that they would enter the tribal enclave in limited circumstances. Based on the history and purpose of the agreement, there is every reason to believe that the state police will comply with its terms, and in return, the tribe will cooperate with the state police when entry into the tribal enclave is justified.

Accordingly, it is **ORDERED** that the Attorney General's Rule 60(b)(6) motion [Dkt. # 286] is **DENIED**.

It is further **ORDERED** that the hearing scheduled for May 4, 2011 at 2:30 p.m. was **CANCELED** pursuant to the Court's determination that it would not contribute to the resolution of the motion. E.D. Mich. L.R. 7.1(f)(2).

    s/Thomas L. Ludington  
    THOMAS L. LUDINGTON  
    The United States District Judge

Dated: May 18, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 18, 2011.

    s/Tracy A. Jacobs  
    TRACY A. JACOBS

---